UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DOCKET NO.:

------------------------------------------------------------------------ X

MOHAMED ALMI,

                              Plaintiff,

      -against-

CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER ISMAEL DIAZ, in his individual and official capacities, NEW YORK CITY POLICE OFFICER JOHN MURPHY, in his individual and official capacities, NEW YORK CITY POLICE SERGEANT JAMES M. HALEY, in his individual and official capacities, NEW YORK CITY POLICE OFFICER ANTHONY N. GITTO, in his individual and official capacities, and NEW YORK CITY POLICE DEPARTMENT JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities,

                              Defendants.

**COMPLAINT**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

------------------------------------------------------------------------ X

      Plaintiff MOHAMED ALMI, by his attorneys, HORN WRIGHT, LLP, complaining of Defendants CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER ISMAEL DIAZ, in his individual and official capacities, NEW YORK CITY POLICE OFFICER JOHN MURPHY, in his individual and official capacities, NEW YORK CITY POLICE SERGEANT JAMES M. HALEY, in his individual and official capacities, NEW YORK CITY POLICE OFFICER ANTHONY N. GITTO, in his individual and official capacities, and NEW YORK CITY POLICE DEPARTMENT JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities, alleges as follows:

**PRELIMINARY STATEMENT**

    1.    This is a civil rights action in which Plaintiff, MOHAMED ALMI seeks relief from Defendants CITY OF NEW YORK, NEW YORK CITY POLICE OFFICER ISMAEL DIAZ, in his individual and official capacities, NEW YORK CITY POLICE OFFICER JOHN MURPHY, in his individual and official capacities, NEW YORK CITY POLICE SERGEANT JAMES M.

HALEY, in his individual and official capacities, NEW YORK CITY POLICE OFFICER ANTHONY N. GITTO, in his individual and official capacities, and NEW YORK CITY POLICE DEPARTMENT JOHN/JANE DOES #1-10 (fictitiously named), in their individual and official capacities, (hereinafter collectively referred to as "Defendants"), for committing acts under color of law and depriving Plaintiff of rights secured under 42 USC § 1983 grounded in rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.

2. Plaintiff alleges that Defendants engaged in unlawful conduct. Specifically, Defendants used excessive force and unlawfully searched Plaintiff. All acts were committed under the color of law and deprived Plaintiff of rights secured to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States.

3. Defendants, without justification or any reason except an intent to deprive Plaintiff of his rights and knowledge that their conduct had the tacit authorization of Defendant CITY OF NEW YORK, assaulted and battered Plaintiff and unlawfully searched Plaintiff. Said unlawful acts upon Plaintiff deprived him of his civil and Constitutional rights.

4. Plaintiff seeks damages, both compensatory and punitive, award of costs, interest, attorney's fees, and such other and further relief as this Court deems just and equitable.

## JURISDICTION

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution. Jurisdiction is conferred upon this Court by 42 U.S.C. § 1983 and by 28 U.S.C. §§ 1331 and 1343(3) and (4) of the aforementioned constitutional provisions.

## VENUE

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) since all of the events and omissions giving rise to Plaintiff's claims occurred within the City of New York, State of New York; the actual place of employment of the individually named Defendants and Doe Officers is within the Eastern District of New York; and the City of New York, State of New York is within the jurisdiction of the Eastern District of New York. The events surrounding this lawsuit occurred in the City of New York, State of New York, in the Eastern District of New York. Additionally, Plaintiff resides within the City of New York, State of New York in the Eastern District of New York.

## THE PARTIES

7. Plaintiff MOHAMED ALMI ("ALMI" and/or "Plaintiff") is a resident of the United States who lives within the Eastern District of New York.

8. Upon information and belief, at all relevant times described herein, Defendant CITY OF NEW YORK ("CITY") was and continues to be a municipal corporation organized and existing by virtue of the laws of the State of New York.

9. Upon information and belief, at all relevant times described herein, Defendant CITY, by its agents and/or employees, operated, maintained, and controlled the City of New York Police Department ("NYPD"), including all supervising officers and police officers thereof.

10. Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER ISMAEL DIAZ ("DIAZ") is a police officer who is being sued in his individual and official capacities and is an employee of Defendant CITY and NYPD. At all relevant times described herein, DIAZ was acting under color of state law within the scope of his employment as a police officer employed by Defendant CITY and the NYPD, and works under the supervision, direction, and/or control of his supervisors in the NYPD.

11. Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER JOHN MURPHY ("MURPHY") is a police officer who is being sued in his individual and official capacities and is an employee of Defendant CITY and the NYPD. At all relevant times described herein, MURPHY was acting under color of state law within the scope of his employment as a police officer employed by Defendant CITY and the NYPD, and works under the supervision, direction, and/or control of his supervisors in the NYPD.

12. Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE SERGEANT JAMES M. HALEY ("HALEY") is a sergeant who is being sued in his individual and official capacities and is an employee of Defendant CITY and the NYPD. At all relevant times described herein, HALEY was acting under color of state law within the scope of his employment as a sergeant employed by Defendants CITY and the NYPD, and works under the supervision, direction, and/or control of her supervisors in NYPD.

13. Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE OFFICER ANTHONY N. GITTO ("GITTO") is a police officer who is being sued in his individual and official capacities and is an employee of Defendant CITY and the NYPD. At all relevant times described herein, GITTO was acting under color of state law within the scope of his employment as a police officer employed by Defendant CITY and NYPD, and works under the supervision, direction, and/or control of his supervisors in the NYPD.

14. Upon information and belief, at all relevant times described herein, Defendant NEW YORK CITY POLICE DEPARTMENT JOHN/JANE DOES #1-10 (fictitiously named) ("DOES") are members of NYPD who are being sued in their individual and official capacities, are employed by Defendant CITY and the NYPD and were police officers, detectives or supervisors employed by the Defendant CITY and the NYPD. Upon information and belief, at all relevant times described herein, DOES were acting under color of state law within the scope of

their employment as members of the NYPD and employed by Defendant CITY and the NYPD. Plaintiff does not know the real names and shield numbers of DOES.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

15. Plaintiff served a Notice of Claim upon the CITY on or about December 6, 2023, within ninety days of the events giving rise to his claims.

16. On or about April 10, 2024, Plaintiff ALMI. appeared for an examination pursuant to §50-h of the New York General Municipal Law.

17. More than thirty days have elapsed since Plaintiff served his Notice of Claim and the CITY has not offered adjustment or payment thereof.

## FACTUAL ALLEGATIONS

18. Upon information and belief, on or about September 29, 2023, between approximately 7:50 p.m. and 8:30 p.m. at or near the North West Corner of Castleton Avenue and Port Richmond Avenue, Staten Island, New York which location is believed to be 1546 Castleton Avenue, Staten Island, New York 11550, Defendants DIAZ, MURPHY, HALEY, GITTO and/or DOES (collectively "Individual Defendants") did intentionally assault and batter ALMI causing severe injuries to ALMI.

19. Prior the foregoing assault and battery of ALMI, the Individual Defendants did tackle ALMI forcefully to the ground, punched him and kicked him, all while Plaintiff was not resisting and/or using or threatening the use of force. Plaintiff was handcuffed and thereafter Individual Defendants continued to assault ALMI while handcuffed and restrained.

20. Individual Defendants had no necessity to use the extreme and unreasonable force they employed.

21. Upon information and belief, Individual Defendants were completely aware that Plaintiff was severely injured. But rather than provide medical treatment for him, they placed ALMI in an RMP and took him to the precinct, interrogated him and process his arrest.

22. Upon in information and belief, at the precinct Defendants refused to provide Plaintiff with medical treatment.

23. Plaintiff was held overnight and was released the following day.

24. As a result of the assault and beating that Plaintiff sustained at the hands of the Individual Defendants, Plaintiff's tooth was knocked out which required dental surgery. Plaintiff also sustained injury to his knee and cuts, abrasions and contusions throughout his body.

25. By reason of the foregoing, Plaintiff endured extreme pain, mental anguish and was otherwise severely harmed physically and emotionally.

26. By denying Plaintiff immediate needed medical treatment, his injuries were exacerbated and his pain and suffering was significantly increased.

**AS AND FOR A FIRST COUNT**
**42 U.S.C. § 1983 - Excessive Force**
**(*Against Individual Defendants*)**

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

28. Plaintiff was brutalized by Individual Defendants in the absence of any need for such application of force.

29. Individual Defendant subjected Plaintiff to excessive force while acting in the scope of their employment as Police Officers. Such force was objectively unreasonable under the circumstances then existing and caused Plaintiff to suffer serious and permanent physical injuries.

30. Plaintiff has suffered significant and substantial damages as a result of all of the aforementioned conduct of Individual Defendants.

31. As a proximate result of Individual Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

**AS AND FOR A SECOND COUNT**
**42 U.S.C. § 1983 - Failure to Intervene**
**(*Against All Defendants*)**

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

33. Defendants had an affirmative duty to intervene to prevent the violation of Plaintiff's Constitutional rights.

34. Defendants failed to intervene to protect Plaintiff from the egregious violation of his connotational rights, despite having a realistic opportunity to do so.

35. That, as a result of Defendants' conduct and failure to intervene, Plaintiff's Constitutional rights were violated.

36. Plaintiff has suffered damages as a result of Defendants' impermissible conduct.

37. As a proximate result of Defendants' actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other

special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, as well as punitive damages as to the Individual Defendants and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
### 42 U.S.C. § 1983 - *Monell*
### (*Against Defendant CITY*)

38. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

39. Defendant CITY failed to adequately train its police officers regarding the proper use of force to comply with Constitutional standards and has tolerated the use of excessive force by its police officers a plethora of complaints from citizens of being subjected to Constitutional violations by police officers, lieutenants, and detectives.

40. Among the other conduct or failure to act by CITY which caused Plaintiff's injuries are the following:

(a) Failure to retrain and update training of its police officers and detectives regarding the proper use of force under the Constitution of the United States, including police officers and detectives who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records.

(b) In hiring and retaining incompetent police officers and detectives who CITY knew or should have known possessed aggressive propensities, lack of proper temperament, and inability to comprehend or abide by Constitutional principles.

(c) In failing to establish and implement meaningful procedures for discipling or re-training officers and detectives who have engaged in such misconduct, including officers who have been the subject of misconduct claims.

(d) Failed to implement adequate disciplinary policies to deter its police officers and detectives from the use of excessive force and improper police procedures and tactics.

41. CITY, by its policy making agents, servants, and employees, authorized and or allowed the type of misconduct complained herein to continue.

42. The conduct of the Individual Defendants was consistent with longstanding customs, practices, and usages of police officers employed by CITY.

43. Upon information and belief, despite knowledge of such *de facto* policies and practices, the supervising and policy making officers and officials of the Police Department of CITY have not taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices or otherwise trained police officers with regard to the Constitutional and statutory limits on the exercise of their authority, and have, instead, condoned and ratified these customs, usages, and practices through their deliberate indifference to or disregard of the effect of said policies, customs, and practices upon the Constitutional rights upon persons within their respective jurisdictions.

44. As a proximate result of CITY's actions, Plaintiff was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs and attorney's fees pursuant to Title 42 § 1988, and any other relief this Court may find just and proper.

# AS AND FOR AN FOURTH COUNT
## Pendent State Claim – Assault and Battery
### (*Against all Defendants*)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

46. The aforestated actions of Defendants amounted to an assault and battery of Plaintiff ALMI.

47. Plaintiff ALMI did not consent to the harmful and/or offensive touching by Defendants.

48. As a result of the aforementioned actions of Defendants, Plaintiff ALMI suffered physical and emotional injuries.

49. Defendants' actions were intentionally, recklessly, and/or negligently done to intimidate and did cause physical pain and emotional distress to Plaintiff ALMI.

50. At all times mentioned, Defendants were acting within the scope of their employment as police officers.

51. At all times mentioned, all police officers and/or employees of CITY were acting within the scope of their employment.

52. At all times mentioned, the police officers and/or employees were employed by Defendant CITY and the NYPD.

53. The actions of the officers and employees, which were performed within their scope of employment, creates liability against Defendant CITY, under New York State Law.

54. Consequently, Defendant CITY is liable under *respondeat superior* for the actions of its employees.

55. As a proximate result of Defendants' intentional and malicious actions, Plaintiff ALMI was physically injured, disabled, permanently scarred, caused to be greatly humiliated, injured in his person and reputation, caused to incur attorneys' fees, medical expenses, associated legal expenses, and other special damages, and has suffered great pain and mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), plus costs, punitive damages as to the Individual Defendants, and any other relief this Court may find just and proper.

### AS AND FOR AN FIFTH COUNT
### Pendent State Claim - Negligence
### (*Against all Defendants*)

56. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously and/or herein with the same force and effect as if more fully set forth at length below.

57. Defendants had a duty to prevent and cease the unlawful assault and battery, search and seizure, upon Plaintiff as well as a duty to hire, to train, to investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff.

58. In actively inflicting and failing to prevent the above stated abuses incurred by Plaintiffs, all of the Defendants acted unreasonably, recklessly, and negligently in failing to exercise the slightest amount of due care to secure and protect the civil and constitutional rights of Plaintiff against assault and battery, illegal search and seizure, and other due process violations. Said rights are guaranteed to Plaintiffs by 42 U.S.C. § 1983 and by the Fourth, Fifth, and Fourteenth Amendments of the Constitution.

59. The breach of duty by Defendants was a direct and proximate cause of the harm suffered by Plaintiff. Said harm includes physical harm, pain and suffering which continuous to

this day, monetary expenses, personal humiliation, damage to reputation and loss of standing in the community, and severe physical, emotional, and psychological damage.

60. That, by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages, in excess of ONE MILLION DOLLARS ($1,000,000.00), plus costs and any other relief this Court may find just and proper.

**AS AND FOR A SIXTH COUNT**
**Pendent State Claim – Negligent Hiring, Improper Supervision, and Improper Retention**
**(*Against Defendant CITY*)**

61. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

62. Upon information and belief, it was the custom, policy, and practice of Defendant CITY and the NYPD to hire certain police officers and supervisors, including Individual Defendants, without conducting the appropriate background check, investigation, and psychological evaluations.

63. Upon information and belief, it was the custom, policy, and practice of Defendant CITY and the NYPD to conduct inadequate investigations of police officers and supervisor candidates as was done with the Individual Defendants.

64. Upon information and belief, it was the custom, policy, and practice of Defendant CITY and the NYPD to inadequately supervise the actions and conduct of police officers and supervisors, including Individual Defendants.

65. Upon information and belief, it was the custom, policy, and practice of Defendant CITY and the NYPD to continue to employ police officers and supervisors, including Individual Defendants, after it is known that such police officers and supervisors consistently violate the Constitutional rights of persons such as Plaintiff.

66. These customs, policies, and practices were the moving force, proximate cause, or affirmative link behind the conduct causing Plaintiff's injuries.

67. Defendant CITY and the NYPD are therefore liable for violations of Plaintiff's Constitutional rights, as caused by Defendants, as described in more detail in the foregoing paragraphs, and Plaintiff has suffered damages therefrom.

68. As a proximate result of Defendants' customs, policies and practices for negligent hiring, improper supervision, and improper retention of deputy sheriffs, Plaintiff was greatly humiliated, injured in his reputation, caused to incur attorneys' fees, associated legal expenses and other special damages, and has suffered great mental anguish, all to Plaintiff's damage in a sum to be provided at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs and any other relief this Court may find just and proper.

## AS AND FOR A SEVENTH COUNT
### Pendent State Claim – *Respondeat Superior*
### (*Against Defendant CITY*)

69. Plaintiff repeats, reiterates, and realleges each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth at length herein.

70. By virtue of Individual Defendants' employment with Defendant CITY and their actions within their scope of their employment, Defendant CITY is liable for the Individual Defendants' actions under a theory of *respondeant superior*.

71. As a result of the above-described conduct, Plaintiff was caused to be unlawfully seized, assaulted, battered, falsely arrested and imprisoned, maliciously prosecuted, placed in substantial fear for his life, sustained bodily injuries, mental torment, night terrors and nightmares, depression, fear, loss of enjoyment of life, and other physical, mental, and psychological injuries, damage to his reputation, other special damages, has suffered great mental anguish, and has

incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling, all to Plaintiff's damage, in an amount to be determined at trial but not less than ONE MILLION DOLLARS ($1,000,000.00), as well costs and any other relief this Court may find just and proper.

## JURY DEMAND

72. Plaintiff demands a Trial by Jury of all causes of action so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants as follows:

A. Under the First Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

B. Under the Second Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

C. Under the Third Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs and attorney's fees pursuant to Title 42 § 1988; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

D. Under the Fourth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

E. Under the Fifth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

F. Under the Sixth Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; punitive damages as to the Individual Defendants; and any other relief this Court may find just and proper;

G. Under the Seventh Count, in the amount of ONE MILLION DOLLARS ($1,000,000.00); costs; and any other relief this Court may find just and proper; and

H. Such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
December 27, 2024

                                      Respectfully submitted,
                                      **HORN WRIGHT, LLP**
                                      *Attorneys for Plaintiff, Mohamed Almi*

By:   */S Pablo A. Fernandez*
       Pablo A. Fernandez
       400 Garden City Plaza, Suite 500
       Garden City, New York 11530
       Tel: 516.355.9696
       paf@hornwright.com